IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-01886-RPM

PROXIMA ASSET MANAGEMENT, LTD.,

        Plaintiff,

v.

DAVID C. SKINNER, SR.,
DAVID C. SKINNER, JR.,
KIMBERLEY A. STEIN (aka KIMBERLEY SKINNER), and
AMERICAN TELEVISION AND FILM COMPANY (fka WINNERS INTERNET
NETWORK, INC.),
        Defendants.

_____

ORDER OF DISMISSAL
_____

      This civil action was initiated by a complaint and jury demand filed in the District Court, City and County of Denver, Colorado, and removed to this court by a notice of removal, filed September 3, 2008, based on diversity jurisdiction. The plaintiff filed an amended complaint and jury demand in this court on October 24, 2008. The defendants filed a motion to dismiss for failure to state a claim and for lack of personal jurisdiction together with a motion for award of costs and fees pursuant to 29 U.S.C. § 1927. The plaintiff filed its response to the motion on November 25, 2008, and the defendant filed a reply on December 10, 2008.

      Upon review of the amended complaint, the Court finds and concludes that it is not sufficient to state a claim for relief and should therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). The allegations are conclusory and insufficient. There is no allegation with respect to how the plaintiff, Proxima Asset Management, Ltd., said to be

an investment company with its principal place of business in Spain, became the successor in interest to Orienstar Finance, Ltd, and Oriental New Investment, Ltd., which are alleged to have purchased securities of Winners Internet Network, Inc., ("WINR"), from the defendant Kimberley Stein and defendant WINR. The claims for violation of the Colorado Securities Act and under common law are insufficient in the lack of particulars.

The plaintiff attempts to rely on allegations of the Securities and Exchange Commission in a complaint filed in this court as Civil Action Number 04-RB-0626 in which a final judgment was entered by consent on March 31, 2004. The defendants have asserted that the relevant statutes of limitations in Colorado bar these claims which must have accrued at least by that date and the plaintiff's only response is that there are factual issues to be determined.

There can be no factual issues to be determined unless there are factual allegations made in an appropriate pleading filed by counsel subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure.

The complaint and the amended complaint are on their face inadequate in factual allegations in basic matters, including the standing of the plaintiff to assert the claims. The defendants have gone to great lengths to show that prior to their responding to the complaint the effort was made to obtain a voluntary dismissal and gave letter warnings to plaintiff's counsel under Rule 11. The defendants have also asserted that plaintiff's counsel should be held personally responsible for their fees under 28 U.S.C. § 1927 and have sought fees of $14,920.00. That would be excessive. The defendants have gone to considerable efforts to assert the defense of the statute of limitations but that

effort was not necessary in that a simple motion to dismiss for the failure of the complaint and amended complaint to state claims for relief was all that should be required in this case and it is this Court's basis for dismissal at this time. Accordingly, it is

ORDERED that the complaint and amended complaint are dismissed for failure to state a claim for relief. This civil action is dismissed. The defendants' motions for sanctions under 28 U.S.C. § 1927 are denied.

DATED: January 20th, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge